Citation Nr: 1744008 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 12-03 437 ) DATE
 )
 )


On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island


THE ISSUES

1. Entitlement to service connection for a lung disability as a residual of bilateral lobar pneumonia.

2. Entitlement to a total rating based on individual employability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Christopher Loiacono, Agent


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

K. M. Schaefer, Counsel


INTRODUCTION

The appellant had active duty training (ACDUTRA) from February 1961 to January 1962. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from October 2009 and June 2013 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Providence, Rhode Island. 

In May 2014, the appellant testified at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing is of record. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The appellant's lung disability is not etiologically related to service. 

2. The appellant is not service-connected for any disability.


CONCLUSIONS OF LAW

1. The criteria for service connection for a lung disability are not met. 38 U.S.C.A. §§ 1131, 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.309 (2017).

2. The criteria for entitlement to TDIU are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.321 (b)(1), 3.340, 3.341, 4.3, 4.15, 4.16, 4.18, 4.19 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2014), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2017), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claims. The record reflects that all available pertinent treatment records have been obtained, to include the appellant's service treatment records and post-service VA and private treatment records. No other outstanding, existing evidence that could be obtained to substantiate the claims has been identified. The Board is also unaware of any such evidence. In addition, the appellant was afforded the necessary VA examinations. 

Lung Disability

The appellant contends that he has a current lung disability that is causally related to bilateral lobar pneumonia for which he was treated in service.

For VA compensation purposes, service includes active duty, any period of active duty training (ACDUTRA) during which the individual concerned was disabled or died from a disease or injury, incurred or aggravated in the line of duty, and any period of inactive duty training (INACDUTRA) during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty. 38 U.S.C.A. § 101(24); § 38 C.F.R. § 3.6. Active duty is full time duty in the Armed Forces other than ACDUTRA. Id. With regard to National Guard and Reserve service, ACDUTRA is full time duty performed under 32 U.S.C. §§ 316, 502, 503, 504, or 505 or the prior corresponding provisions of law. Id. INACDUTRA is duty other than full-time duty performed under the same provisions of 32 U.S.C. §§ 316, 502, 503, 504, or 505 or the prior corresponding provisions of law. Id. 

.Entitlement to service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active duty. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110 (West 2014); 38 C.F.R. § 3.303 (2016). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009). 

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2017); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

Service treatment records reveal that at his enlistment examination, the appellant reported having colds at least once per month and sinusitis. The clinical examination revealed no abnormality of the respiratory system. 

During service, the appellant was treated on different occasions for upper respiratory infection and pneumonia. He was eventually hospitalized for pneumonia in August 1961 with a discharge diagnosis of pneumonia, not elsewhere classified, of the right and left lower lobes. According to an October 1961 hospital discharge report, the case was discussed three times at a section conference of the Pulmonary Disease service which concluded that the appellant had suffered from discrete instances of pneumonia without having an underlying pulmonary or bronchial disease. Thus, there is evidence of a disease, incident, or event in service.

However, both the nature and existence of a current lung disability and the etiology of any such disability are in question. The record contains several letters from the appellant's treating pulmonologist, Dr. Baaklini, as well as multiple VA examination reports that address the nature of the appellant's lung disability.

Letters from Dr. Baaklini are dated in June 2007, August 2010, November 2013, and November 2014. The June 2007 letter reports that the appellant had been evaluated for asthma and treated, but that he takes no medication for it now. An August 2010 statement reveals that the appellant was initially evaluated and diagnosed as having asthma and restrictive lung process with mild to moderate loss of diffusing capacity and that daily treatment over the prior three years had resulted in some improvement. 

In a November 2013 statement, the physician states that testing revealed bronchial asthma with a restrictive ventilatory defect in April 2003. He also noted a March 2010 chest CT that revealed scarring/fibrosis. The physician further stated that repeated pulmonary function tests showed mild to moderate loss of carbon monoxide diffusing capacity (DLCO) that was diagnostic of fibrosis and emphysema. Finally, in a November 2014 letter, he referred to a September 2014 Pulmonary Function Test (PFT), indicating that a 30 percent DLCO was indicative of a lung disability, but not offering a specific diagnosis. 

VA examination reports from May 1995, July 2008, March 2012, June 2015, November 2015, June 2016, and March 2017 are also of record. The May 1995 VA examiner diagnosed COPD, but an x-ray showed normal lungs, and PFT results did not support the diagnosis. The July 2008 VA examiner stated that only evidence suggestive of asthma was an increase in trapped air on pulmonary function tests, which can be seen with asthma in remission. The March 2012 VA examiner noted COPD in the diagnosis section, but stated that this case was confusing as the PFTs were normal in 2008 and abnormal in 2009. 

In September 2014, the VA examiner reported diagnoses of asthma and COPD. However, the examiner then noted that the DLCO at PFTs in 2008 and 2009 were normal and stated that the appellant's DLCO was low at the September 2014 examination due to a reason other than respiratory disability, indicating that cardiac issues should be questioned. 

A June 2015 VA examiner diagnosed COPD. Upon evaluation in November 2015, a pulmonary specialist indicated that a review of PFTs, including one performed in October 2015, revealed no evidence of obstructive lung disease. The examiner concluded that despite the appellant's current complaints of dyspnea on exertion, she could see no evidence of pulmonary pathology. The examiner reiterated these findings in June 2016 and March 2017. Discussing in particular, a September 2014 PFT that showed a low DLCO, the specialist stated that the reliability of the results was unclear as it was clearly documented that the patient had inability to fully comply with instructions and lost the seal on testing.

The appellant filed the instant claim in September 2009. Since that time, Dr. Baaklini has provided evidence of diagnoses of fibrosis and emphysema. VA examiners noted a diagnosis of COPD, but found that testing was not consistent with that diagnosis, determining that the appellant has no pulmonary disability and more specifically, no obstructive lung disease. Both Dr. Baaklini and VA examiners document the multiple lung nodules found on chest CT. 

Based on the above, the Board determines that the appellant has a current lung disability in the form of multiple lung nodules, fibrosis, and emphysema. The Board acknowledges the difference of opinion as to whether the appellant has emphysema or another form of COPD appear to be the result of differing interpretations of PFT results. The Board has no basis upon which to determine that one physician is more adept or reliable with respect to the interpretation of PFT results. Consequently, the Board determines that it is at least as likely as not that the appellant has a current diagnosis of emphysema. 

Thus, the remaining question is whether the appellant's current disability is a result of his military service. As with the question of current diagnosis, there are multiple contradictory opinions addressing etiology.

The July 2008 VA examiner opined that there was no significant functional impairment evident on examination and opined that it was not likely that the appellant s current condition is related to a disability incurred in service. The March 2012 VA examiner indicated that he could not find any conclusive evidence that the recurrent pneumonias in the service had led to a respiratory condition and opined that the claimed respiratory disability is not as likely as not due to the respiratory issues in service. The September 2014 VA examiner consulted with a pulmonologist and opined that the appellant's pneumonia in service has resolved and has no residual effects. 

The June 2015 VA examiner did not provide an opinion, and the pulmonary specialist in November 2015, June 2016, and March 2017 concluded that the appellant did not have a respiratory disability, such as COPD. However, the specialist did offer an opinion as to the pulmonary nodules. The specialist opined that it is unlikely that the lung nodules are causally related to the appellant's active service or any incident therein, including treatment for lobar (not bilobar) pneumonia in July 1961 and August 1961. The examiner indicated that nodules of this size as well as their stability over years is consistent with nonspecific and benign findings and that they have no increased risk for malignancy or pulmonary dysfunction. The examiner concluded that it is impossible to correlate their presence with any specific event.

In contrast, in the June 2007 letter from Dr. Baaklini, the appellant's pulmonologist, indicated that the appellant was followed for asthma and that the presenting findings of asthma and the nodules found on the chest CT are probably the result of pneumonia the appellant suffered when he was in the Army. 

The August 2010 letter from Dr. Baaklini states that, based upon the presenting symptoms and the past history of the appellant's repeated pneumoniae, the appellant's abnormal scarring of the lungs shown by radiography and PFT reflects the long term results of his illnesses that he had acquired as a serviceman. 

Dr. Baaklini provided another opinion in November 2013 in which he indicated that a normal chest x-ray in 1995 did not exclude the presence of lung disease and was inconsistent with medical knowledge of the timing of the development of lung disease post-exposure. He stated that with medical certainty and without prejudice that the appellant's lung disease was directly related to his pneumonia in service. 

Finally, in an undated statement received in October 2015, Dr. Baaklini opined that it is his professional opinion the appellant's diagnosis is as likely related to his recurrent pneumonia seeing all radiology results read and dictated officially by a radiologist. Thus, the VA examiners consistently found that any current lung disability is not a result of the appellant's military service, and the appellant's private pulmonologist found consistently that any current lung disability is related to the appellant's pneumonia in service.

However, Dr. Baaklini says that the appellant never smoked, which is incorrect. It is clearly documented in the August 1961 discharge summary that the appellant was smoking about one pack of cigarettes every three days. It is not clear when the appellant stopped smoking. The November 2015 VA examination report cites to evidence of current tobacco use in 2001, and an October 2001 private treatment record states that the appellant is a former smoker. The fact that Dr. Baaklini was unaware of this pertinent fact of the appellant's medical history diminishes the probative value of the opinion. 

Further, Dr. Baaklini did not review the claims file in forming the opinion and while the lack of claims file review does not alone render an opinion inadequate, that is true only as long as the medical history contemplated by the examiner is consistent with the information contained in the claims folder. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302 (2008). Here, the lack of claims file review had a material impact on Dr. Baaklini's understanding of the appellant's medical history both in service and afterward. Accordingly, the Board determines that the opinions provided by Dr. Baaklini are not competent and probative evidence of a relationship between the appellant's current respiratory disabilities and his military service. 

The Board considered the appellant's statements in support of his claim, as well as the multiple lay statements received describing how the appellant was different after military service, having ceased participating in sports, sleeping more than usual, and frequently seeking treatment for colds and chest pains. The appellant contends that he was treated shortly after service for respiratory symptoms, and that he continued treatment with Dr. Currieri until Dr. Currieri's death. Private treatment records reveal that the appellant was hospitalized and treated for infectious mononucleosis in April 1964 and May 1964. Treatment notes reveal that the appellant was seen for complaints of chest pain in November 1990 and again in February 1994. The diagnosis was chest pain of an undetermined cause. There was no lung disability diagnosed at any time. The appellant is competent to speak to his past and present respiratory symptoms, such as shortness of breath, but he is not competent to ascribe a diagnosis to those symptoms or an etiology to the diagnosis. 

Consequently, after careful consideration of all of the evidence in this case, the Board determines that a preponderance of the evidence is against the appellant's claim of entitlement to service connection for a lung disability. The Board afforded the appellant the benefit of the doubt in determining that there is a current diagnosis for which service connection may be considered, but the Board finds that the weight of the competent and probative evidence is against a determination that any current lung disability is a result of the appellant's military service. The claim of entitlement to service connection for a lung disability is, therefore, denied. 

TDIU

Total disability is considered to exist when there is any impairment in mind or body that is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340 (a)(1). A total disability rating for compensation purposes may be assigned on the basis of individual unemployability, that is, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16 (a).

In this case, the appellant is not in receipt of service-connected benefits for any disability. Consequently, the criteria for entitlement to TDIU cannot be met. The claim is denied.


ORDER

Service connection for a lung disability is denied.

Entitlement to TDIU is denied.



______________________________________________
Cheryl L. Mason
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs